## 32535. KINARD *v.* MOORE.

DECIDED JULY 2, 1949. REHEARING DENIED JULY 27, 1949.

*Swift Tyler, Marvin O'Neal Jr.,* for plaintiff in error.

SUTTON, C. J. Mrs. Nash King Moore sued J. H. Kinard, d/b/a J. H. Kinard Roofing Company, in the Civil Court of Fulton County. From the petition, as amended, it appears that the action was based on a total failure of consideration under an oral contract whereby the plaintiff had paid the defendant under an agreement to repair the roof on a certain building, and the plaintiff sought to recover $350, the amount paid for the repairs. The case was tried before a judge without a jury. According to the testimony of the plaintiff, the defendant had agreed to repair completely the roof and paint it with red lead paint, and he had guaranteed that the roof would give no trouble for a period of ten years, and when he completed the

work she had paid him $350; but the roof had continued to leak as much as and more than it had before the work was done, and, despite her continued efforts to get him to come back and fix the roof, as he had agreed to do, he had never come back and satisfactorily repaired the roof, although a man had once come and done some additional work on the roof. She described in detail the places where the roof leaked, and had continued to leak. The plaintiff's servant testified that the roof had continued to leak after the work was done, and that she overheard the defendant tell the plaintiff, after completion of the work, that he guaranteed that she would not have any more trouble with the roof. The defendant testified, in substance, that he had only agreed to paint the metal part of the roof with static asphalt; that he had repaired one leak and painted the roof, and had guaranteed the quality of his workmanship, although he had not guaranteed that the roof would not leak or that the paint would last ten years; and that, in work of this nature, if the roof does leak, he will come back and repair it. The judge found in favor of the plaintiff for $350, overruled the defendant's motion for a new trial, and the defendant excepted.

The case is here only on the general grounds of the motion for a new trial, and it is the contention of the defendant, the plaintiff in error here, that the evidence fails to show a total failure of consideration, inasmuch as the work and material certainly were of some value. Although the evidence is conflicting, there is ample evidence indicating that the work was completely without value, and had been of absolutely no benefit to the plaintiff. Under such circumstances, a judgment was authorized for the plaintiff for the money that she had paid to the defendant to repair the roof, and the trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*